MEEKINS, Plaintiff in Error, v. SULLIVAN COUNTY.

### Division Two, February 6, 1900.

1. **Appeals:** COUNTIES AS PARTIES. Where a county is a party the appeal is to the Supreme Court.

2. **Recognizance:** PAYMENT: DISMISSAL: RECOVERY FROM COUNTY. Plaintiff alleged that one M. was arrested for crime and held to bail in the sum of $300; that she and one W. were his sureties and in order to indemnify W. from loss on said bond if M. should fail to appear she deposited $300 with one L.; that at the next term M. failed to appear, the bond was forfeited and *scire facias* ordered, but before the next term M. was arrested, was then confined in jail, and was thereafter present at each term until the case against him was disposed of; that the prosecuting attorney, after return of the *scire facias*, ordered the forfeiture proceeding dismissed; that after the *scire facias* was ordered to issue but before its return, the defendant county, "without plaintiff's knowledge, by its officers procured and induced L. to pay over to the county treasurer" the said $300. *Held*, that the petition stated a good cause of action against the county for the money thus wrongfully obtained. *Held*, also, that it was necessary in such case for the surety on the recognizance to plead, as essential to a statutory discharge, the surrender of her principal in open court and the payment of costs.

3. ———: JUDGMENT. The mere entry of a forfeiture on a recognizance for appearance is not such a judgment as will justify the county to seize the property of the sureties.

Error to Sullivan Circuit Court.—*Hon. W. W. Rucker,* Judge.

REVERSED AND REMANDED.

*D. M. Wilson* and *Childers Bros.* for plaintiff in error.

(1)    If it is true as alleged in the petition that plaintiff procured the issuance of a *capias* and caused Marchbanks to be arrested, and that the sheriff of said defendant county took and accepted his body before the final judgment on the recog-

nizance, the county had no right to the money in Lowenstein's hands, and the procuring of it from him was wrongful. (2) The $300 was placed in the hands of Lowenstein to indemnify West against loss by reason of his signing the bond and the county demanding of Lowenstein the money and receiving it without plaintiff's knowledge or consent created the liability of the county and plaintiff is entitled to recover from the county the money so obtained. Reed v. Foote, 36 Mo. App. 470; Lawson on Contracts, sec. 49; 1 Am. and Eng. Ency. of Law, 1016; Cary v. Curtis, 3 How. 246; Winningham v. Fancher, 52 Mo. App. 458.

*John W. Clapp* for defendant in error.

GANTT, P. J.—This is an appeal from the Sullivan Circuit Court. The appeal is sent to this court because the county, a subdivision of the State, is the party defendant.

Judgment was rendered for the defendant on a demurrer to the petition, and plaintiff declining to plead further final judgment was rendered. The sufficiency of the petition being the only matter for determination the pleadings are set out in full as follows:

"Plaintiff states that the defendant is a municipal corporation known and designated as Sullivan county in the state of Missouri.

"Plaintiff for a cause of action further states that heretofore, to wit, on the 17th day of July, 1890, she was united in marriage with one Andrew J. Marchbanks, and that on the 22d day of October, 1890, while plaintiff was living with said Andrew J. Marchbanks as his wife, he the said Marchbanks was arrested and brought before one O. G. Allen, a justice of peace of Bowman township in Sullivan county, Missouri, charged with the criminal offense of bigamy. That on said day a preliminary examination was had in said cause and the said Marchbanks was by the justice held to bail in the sum of

three hundred dollars, for his appearance in the Sullivan County Circuit Court at its November Term, 1890, and that this plaintiff by the name of M. E. Marchbanks, and one John M. West, then and there signed said bond as sureties for the appearance of said Marchbanks at the November term of said circuit court aforesaid. That afterwards, to wit, on the 5th day of· November, 1890, for the sole purpose of indemnifying her co-surety John M. West, against loss if the said Marchbanks failed to appear, as by said recognizance he was bound to do, deposited .with one Solomon Lowenstein the sum of three hundred dollars to indemnify said West aforesaid. That afterwards, at the November Term of said court, and on the 18th day of November, said Marchbanks failed to appear, as by said recognizance he was bound to do, and the court ordered said bond forfeited, and that *scire facias* issue against said Marchbanks and his sureties, and the cause was continued. That on the 25th day of November, 1890, without plaintiff's knowledge or consent, the defendant by its officers, procured and induced the said Lowenstein to pay over to J. H. C. Stuart, the treasurer of defendant county, the sum of money so held by him as aforesaid. That on the 28th day of January, 1891, the plaintiff herein procured the issuance of a capias for said Marchbanks and caused to be arrested, and lodged in the common jail of Sullivan county, the body of him the said Marchbanks, and that the defendant county by its sheriff and ex-officio jailer did then and there take and accept the body of said Marchbanks, and did lodge him in the jail of said defendant county. That at the May term, 1891, of said Sullivan County Circuit Court, the said Marchbanks being there as theretofore since his arrest had been confined in the common jail of said county, the circuit court of said county made an entry of forfeiture of said recognizance, ordered *scire facias*, and continued said forfeiture cause until the next term of said court. That on the same day the sheriff and ex-officio jailer

of said county, having in custody the body of the said March-banks, brought him into court, and he the said Marchbanks then and there waived his formal arraignment and entered a plea of "not guilty." That afterwards, to wit, on the same day, the court upon the application of the defendant March-banks, made an order granting a change of venue to the circuit court of Grundy county, Mo. That afterwards, to wit, on the 27th day of October, 1891, in vacation of court, the clerk of said circuit court issued a *scire facias* against the said Andrew J. Marchbanks, M. E. Marchbanks and John M. West notifying them and each of them to appear at the November term of the Sullivan County Circuit Court to be begun and held at Milan on the 3d Monday in November, 1891, and show cause if any why the judgment or forfeiture in said recognizance should not be made final; and that although this plaintiff was then a resident of Sullivan county, Missouri, she was never served therewith. That at the November term, 1891, and on the first day of said term, the prosecuting attorney of Sullivan county, acting for and on behalf of said defendant county, asked and procured an order dismissing said suit on said recognizance. That thereafter, on or about the —— day of November, 1891, this plaintiff did demand of the defendant the said sum of three hundred dollars so paid to the defendant by the said Lowenstein as aforesaid, which the defendant then and there refused to do, as it ever since has and wrongfully and illegally refuses to pay back to the plaintiff. Wherefore she asks judgment for three hundred dollars, together with 6 per cent interest thereon from demand, to wit, the —— day of November, 1891, and for her costs."

The demurrer to this petition is as follows:

"Comes now the defendant in the above entitled cause and demurs to the petition filed therein for the following reasons, to wit:

"1. Because the petition fails to state a cause of action against the defendant.

"2. Because the petition shows on its face that there is no liability on the part of the defendant.

"3. Because the court has no jurisdiction under the law to render the relief prayed for."

I. Did the petition state a cause of action?

The obvious theory of the petition is that the county obtained three hundred dollars belonging to plaintiff from her depositary without her authority and which *ex acquo et bono* it ought to refund to her.

To show this, the plaintiff shows that she deposited said sum with Lowenstein upon an express trust, to wit, to reimburse her co-surety West in case he was compelled to pay the amount of the recognizance in which he had joined her for the appearance of Marchbanks at the November term, 1890 of the circuit court of Sullivan county to answer the charge of bigamy. She then proceeds by proper averments to show that West was never required to pay the amount or for that matter any portion of said recognizance, but that after the forfeiture was taken and a *scire facias* issued, the proceeding on the recognizance was dismissed at the request of the prosecuting attorney at the November term, 1891.

The sole condition then on which West could have subjected said money to the satisfaction of said recognizance had failed and Lowenstein held said money to the use and for the benefit of plaintiff. We think it is clear then that Lowenstein had no right to part with this money to the county on any other contingency. The steps taken to enforce the forfeiture having never ripened into a judgment against West but having been dismissed, had the money remained in Lowenstein's hand, it would have been his plain duty after the dismissal of the *scire facias* to have restored the money to plaintiff.

Did the county stand in any different relation to the money from Lowenstein?

The allegation is that its officers without the knowledge or consent of plaintiff induced and procured said Lowenstein

to pay over the money to the county treasurer.   Having no judgment against Mrs. Meekins or West the only persons having any claim to said money, the county had no right without the consent of plaintiff to cause her depositary or trustee to violate his trust and it must be held to have obtained it, if the petition correctly states the facts, wrongfully, and so held, it to the use and for the benefit of plaintiff.

The mere entry of the forfeiture of itself was not such a judgment as would protect Lowenstein  or the county in appropriating plaintiff's money.   They were entitled to a day in court to show cause if they could why final judgment should not be entered against them.   (Sections 4134 and 4135, Revised Statutes 1889.)

It matters not that the State might have recovered final judgment against West and plaintiff, until that was done, the law did not permit the officers to seize upon the moneys of plaintiff in this irregular way and appropriate it without her knowledge or consent.   For aught that appears to the contrary she might have claimed this money as an exemption even though final judgment had been rendered against her on the recognizance.   For the foregoing reasons alone we think the petition stated a cause of action and the demurrer admitted the facts stated.

As to the other ground that plaintiff had surrendered her principal before final judgment on the recognizance, we think as she attempts to plead a statutory discharge it was essential that she should have pleaded the surrender of the principal in open court and the payment of the costs as required by section 4131, Revised Statutes 1889.

The demurrer should have been overruled and for refusing so to do the judgment of the circuit court is reversed and the cause remanded for further steps in accordance with the views herein expressed.   *Sherwood* and *Burgess, JJ.*, concur.